# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 2000 Session

## DANIEL RAY STANFILL v. KAREN ELAINE WRIGHT STANFILL

**Appeal from the Fourth Circuit Court for Knox County**
No. 60201     Bill Swann, Judge

**FILED August 14, 2000**

**No. E1999-01878-COA-R3-CV**

In this post-divorce proceeding, the trial court modified the judgment of divorce by changing the custody of Christopher Stanfill (DOB: February 12, 1993) from Karen Elaine Wright Stanfill ("Mother") to Daniel Ray Stanfill ("Father"). The trial court also established Mother's visitation rights with her son. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Charles W. Swanson and Jason H. Long, Knoxville, Tennessee, for the appellant Karen Elaine Wright Stanfill.

William C. Cremins, Knoxville, Tennessee, for the appellee Daniel Ray Stanfill.

## MEMORANDUM OPINION

Mother contends that the evidence preponderates against the trial court's judgment finding a substantial and material change in circumstances warranting a change of Christopher's custody from Mother to Father. She also contends that the evidence preponderates against the trial court's decree establishing Mother's rights of visitation with the child.

The following well-established principles control the disposition of this appeal:

> While many proceedings in the law are factually-driven, this is particularly true of custody cases, both on initial awards as well as in cases involving a request to modify a previous award. ***Rogero v. Pitt***, 759 S.W.2d 109, 112 (Tenn. 1988). In such cases, a trial court has wide discretion, and we will not tamper with that discretion unless the facts demonstrate that the trier of fact has abused his or her discretion.

> *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988). The welfare
> of the child is always the paramount consideration. *Id*.

*Brumit v. Brumit*, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997).

We have reviewed the record in this case. We find that the evidence does not preponderate against the trial court's decision to change custody, nor does it preponderate against the trial court's decision regarding the appropriate amount of Mother's visitation with Christopher. *See* Tenn. R. App. P. 13(d). Pursuant to the provisions of Tenn. Ct. App. R. 10(b), we affirm the judgment of the trial court by memorandum opinion, having determined that "a formal opinion would have no precedential value." *Id*. Costs on appeal are taxed to the appellant.

_____
CHARLES D. SUSANO, JR., JUDGE