Nancy Ann Barnes SUTTLES,
Plaintiff–Appellant,

v.

Dennis Wade SUTTLES,
Defendant–Appellee.

Supreme Court of Tennessee,
at Knoxville.

April 11, 1988.

Robert L. Ogle, Jr., Ogle & Wade, Sevierville, for plaintiff-appellant.

Charles S. Sexton, Sexton & Wallace, Sevierville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

The issue in this domestic relations case is whether Dennis W. Suttles, Defendant, who is presently serving a thirty (30) year prison term, may be denied visitation with his son. Plaintiff, Nancy B. Suttles, is the mother of the only child of the marriage of these parties and was awarded sole custody of the child by the trial court in this divorce.

The parties were married on July 5, 1974. On May 6, 1985, they separated and the following day, Plaintiff filed this action for divorce in the Sevier County Chancery Court on grounds of cruel and inhuman treatment, alleging that Defendant had a history of physically abusing her and, specifically, that on May 4, 1985, Defendant beat her while she held their son in her arms. Shortly after filing this Complaint, an Order of Reconciliation was entered on May 25, 1985. Several months later, however, on September 17, 1985, Plaintiff filed a Motion to Set Aside Order of Reconciliation as well as an Amendment to the Complaint. She alleged that Defendant had continued to abuse her and they had separated a second time on September 14, 1985.

On September 15, 1985, Defendant came to see Plaintiff where she was staying at a campground in Pigeon Forge and when Plaintiff's father intervened in an argument between the parties, Defendant drew a pistol and shot her father in the chest. He then abducted Plaintiff and their son in his car and led the police on a high speed chase. During the course of the chase, Defendant threatened his son with the pistol and shot at Plaintiff when she tried to protect the child. As a result of the chase, the Defendant wrecked his car, injuring both Plaintiff and their son. At some point during this incident, Defendant choked his son but was restrained by Plaintiff and the police before the child was seriously injured. Criminal charges resulted from these events.

In his Answer, filed October 22, 1985, Defendant denied the allegations of cruel and inhuman treatment but waived contesting the grounds for divorce. He admitted that he is presently incarcerated but denied ever having beaten Plaintiff, although he conceded that they had had physical confrontations in the past. He specifically reserved admitting or denying the allegations of criminal acts in the Amended Complaint due to pending criminal proceedings. A general denial was, however, pled. Nevertheless, the record contains both the indictments and the judgments entered in the criminal proceedings. Four counts were brought against Defendant, each enhanced by the use of a firearm.[1] On December 2, 1985, Defendant voluntarily pled guilty to each count. On January 1, 1986, judgments were entered in the criminal case on the four counts of assault with intent to commit murder in the first degree with a firearm, for which he received concurrent and consecutive sentences totaling 35 years.[2]

The trial court entered its judgment of divorce on March 5, 1986, granting Plaintiff an absolute divorce on grounds of cruel and inhuman treatment. Other issues

---

1. Two of these counts were for assaults on Plaintiff and on their son, who was approximately three years old at the time of the events.

2. His total sentence was later reduced to 30 years. He was sentenced as a Range I, Standard Offender.

were reserved for a hearing on the following day. On March 6, 1986, after a hearing in which Defendant asked to be allowed visitation rights, the trial court ordered that the child, then 5 years old,[3] be made available for reasonable visitation on whatever basis the Department of Correction would allow. A Petition to Rehear on behalf of Plaintiff was denied by the trial court on March 7, 1986, and the Notice of Appeal was filed on April 2, 1986. The Western Section of the Court of Appeals, sitting at Knoxville, affirmed the judgment of the trial court but modified the order of visitation to require at least monthly visitation. The Plaintiff then filed a timely Application for Permission to Appeal.

We granted Permission to Appeal to determine whether, in these circumstances, denial or suspension of visitation would be appropriate. Although we recognize that the general rule is that "the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge," *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn.App.1973), and that the trial court's decision will not ordinarily be reversed absent some abuse of that discretion, "in reviewing child custody and visitation cases, we must remember that the welfare of the child has always been the paramount consideration" for the courts. *Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn.1983). In addition, the right of the noncustodial parent to reasonable visitation is clearly favored. *E.g., Weaver v. Weaver*, 37 Tenn.App. 195, 202–203, 261 S.W.2d 145, 148 (1953). Nevertheless, "the right of visitation ... may be limited, or eliminated, if there is definite evidence that to permit ... the right would jeopardize the child, in either a physical or moral sense." *Id.*

That Defendant assaulted his own child is essentially undisputed and the record sufficiently establishes that Defendant has violent propensities toward both his former wife and their child. His need for psychological counseling and treatment is apparent. While the mere fact that Defendant is presently incarcerated does not of itself preclude visitation, the combination of Defendant's incarceration, the crimes for which he is imprisoned, the age of the child, his history of violent behavior toward his son and Plaintiff, and his obvious need to deal with his violent temper make visitation inappropriate at this time. *Cf. Nalley v. Nalley*, 406 So.2d 1240 (Fla.App.1981) *(Per Curiam); Taraboletti v. Taraboletti*, 56 Ill.App.3d 854, 14 Ill.Dec. 350, 372 N.E. 2d 155 (1978) (Evidence and history of threats and violence against a child justified suspension of visitation rights until the parent obtained counseling and treatment).

In *Luke v. Luke, supra*, this Court considered all of the circumstances involved to determine whether restricted visitation was in the best interests of the child and concluded that more liberal visitation rights were appropriate in that case; the Court also noted that the best interests of the child vis-a-vis visitation can be re-evaluated periodically. 651 S.W.2d at 221. Likewise but conversely, considering all of the circumstances in this case, we conclude that visitation should be suspended until a change of circumstances can be shown. We believe that this suspension would serve the best interests of the child. Defendant may, however, petition the trial court to modify this order upon a demonstration of changed circumstances, which would include a showing that the child had reached sufficient maturity to express his own preference voluntarily or that Defendant had been released from the penitentiary.[4] Of course, to prevent the bonds between Defendant and child from being severed completely, he is free to communicate with his child by telephone or mail or other means approved by the trial court, but may not utilize these opportunities to harass or threaten either his former wife or his

---

**3.** He is presently about seven years old.

**4.** We realize that Defendant is presently incarcerated and may not have an opportunity to obtain therapy, but if he should be able to avail himself of treatment, then undergoing adequate treatment could be the basis for a petition to modify the suspension of his visitation rights.

child.[5] If he does so, the trial court may devise an appropriate remedy to protect the Plaintiff and the child.

We reiterate that Defendant's incarceration of itself would not generally be sufficient grounds to suspend or deny visitation rights; the holding is based on the facts and circumstances constituting the equities in this case. Accordingly, we reverse the judgments below on the issue of visitation and remand this case to the Sevier County Chancery Court for entry of an order consistent with this opinion. The costs are divided equally between the parties.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

---

**5.** Nor may Plaintiff attempt to interfere with the relationship between Defendant and their son.