VICKIE ELAINE SPIEGEL,      )
                                  )

    Plaintiff/Appellee,      )

                                  )      Appeal No.
                                  )      01-A-01-9607-CH-00294

VS.                     )

                                  )      Rutherford Chancery
                                  )      No. 93DR-989

JEREMY PERCY JULIAN SPIEGEL,   )

                                  )

    Defendant/Appellant.    )

**FILED**

**February 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

TERRY A. FANN
WALDRON AND FANN
202 West Main Street
Murfreesboro, Tennessee 37130
      Attorney for Plaintiff/Appellee

MARLENE ESKIND MOSES
EISENSTEIN, MOSES & MOSSMAN
Suite 500
One Church Street Building
Nashville, Tennessee 37201
      Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

The issues on appeal in this divorce case include the restrictions put on the father's visits with his minor daughter and the award of attorneys fees to the mother. We affirm the judgment of the trial court.

## I.

The parties married in Maryland in 1991. Their child, Elizabeth, was born in May of 1993 and the parties moved to Smyrna in August of that year so that Mr. Spiegel could work in a company owned by his mother-in-law. Mrs. Spiegel filed a complaint for divorce on September 30, 1993. Mr. Spiegel moved back to Maryland to work.

The chancellor granted Mrs. Spiegel a divorce and custody of the minor child. He restricted Mr. Spiegel's visitation by ordering that for a period of one year the visitation be supervised and that it take place only in the state of Tennessee. On Mrs. Spiegel's prayer for attorneys fees, the court ordered Mr. Spiegel to pay her $7,954.25 and an additional $250.00 for having to respond to Mr. Spiegel's motion to alter or amend.

## II.

### Visitation

### a. Restricted to Tennessee

Mr. Spiegel asked to be allowed to take the child to Maryland for visitation one week each month. On appeal he asserts that the court erred in not allowing him enough time with the child to establish a meaningful relationship.

At the time of the trial the child was almost two and one-half years old. Mr. Spiegel was living in his mother's house in Maryland where his mother also boarded four Alzheimer's patients in a six bedroom house. Formerly, the mother had two nurses and another assistant living in the house, but at the time of the trial, she had none. Mr. Spiegel proposed that the child sleep in his mother's room but he was unclear whether his mother would vacate her bedroom altogether.

In addition, the child's pediatrician testified that she was exhibiting improper behavior which in his opinion was brought on by the stress of being separated from her mother during Mr. Spiegel's visits. He also testified that the child was going through an important stage of developing her sense of home and of having a stable caregiver. Consequently, he testified, being away from her mother for an extended period of time would disrupt the child's emotional development.

The child's best interests are the prime factor in structuring a plan for how the child's time should be divided between the divorced parents. *Suttles v. Suttles*, 748 S.W.2d 427 (Tenn. 1988). We think the chancellor's decision to restrict visitation to the state of Tennessee was in the child's best interest and should be affirmed.

**b. Supervised Visitation**

The proof showed that in September of 1993 Mrs. Spiegel found used condoms, tissue paper, an adult magazine, and pictures of their baby daughter in Mr. Spiegel's car. She hired a private detective who observed Mr. Spiegel dispose of the condoms and the tissue paper and then drive to a public park where he masturbated in his car. He admitted that he had done so on several occasions.

Mrs. Spiegel charged that Mr. Spiegel was using the baby pictures for the purpose of self-stimulation. Mr. Spiegel denied the accusation and asserted that

- 3 -

he had the pictures in the car to show his family to customers. He admitted that he used bad judgment in his conduct but he denied any abuse of the child or doing anything improper in her presence. He presented the testimony of a psychologist who had tested Mr. Spiegel and said that in his opinion Mr. Spiegel was not mentally ill, was not a sexual deviant, and was not a threat to the child. The witness did say, however, that Mr. Spiegel's behavior was abnormal and that he used extremely poor judgment.

The chancellor made the following findings with respect to this issue:

The Husband has acknowledged engaging in self-sexual stimulation in a public place, albeit in his car, at a public park. He further acknowledges that pictures of the child were in his car, however he alleges that the photographs were in the back seat of his car, while the Wife asserts that such photographs were in the front seat of his car, and she presented evidence which she asserts links the photographs of the child with the sexual behavior of the Husband. Much of the evidence tendered by the Husband tended to justify the acts of self-sexual stimulation, but the Husband was never able adequately to address the commission of such actions in a public place. Dr. Victor Pestrak, who was called by the Husband, appeared to the Court to be a very credible witness, and he further testified in justification of such activity, but acknowledged that the action of engaging in such behavior in a park reflects poor judgment, and testified that such activity was abnormal by today's standards. Dr. Pestrak found no indication of child abuse on the part of the Husband, but Dr. John Charles Anderson, who testified for the Wife, and who never met the Husband but worked as pediatrician for the minor child, testified as to a number of problems which the child exhibited which he testified were consistent with a form of abuse wherein the child may have viewed the sexual displays of the father.

Certainly there is no direct evidence that the Defendant has used the child for purposes of self-stimulation. At the same time there is circumstantial evidence that such may have occurred. The Defendant never adequately explained why photographs of the child would be loose in his automobile, at various places within the car, just as physical evidence, or residue left as a result of his self-stimulation in the car was also found strewn about the vehicle. The Wife testified that she found the residue and the photographs in very close proximity to each other, while the Husband testified that certainly they were some distance apart. Further, Dr. Anderson testified at some length as to various problems which he observed the child to suffer, yet he acknowledged also that each of these problems in fact could have been occasioned by some other event than the

presence of the child during any such episodes on the part of the father. The Court understands Dr. Anderson's testimony to be that all of the problems which he noted were consistent with the alleged abuse, but that there was no conclusive evidence.

Mr. Spiegel argues that an order of supervised visitation must be based on some finding of abuse or neglect of the child. See *Sutherland v. Sutherland*, 831 S.W.2d 283 (Tenn. App. 1991); *Mimms v. Mimms*, 780 S.W.2d 739 (Tenn. App. 1989). In addition he cites the 1995 Version of Tenn. Code Ann. § 36-6-301 which provides:

> After making an award of custody, the court shall, upon request of the non-custodial parent, grant such rights of visitation as will enable the child and the non-custodial parent to maintain a parent-child relationship unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health. If the court finds that the non-custodial parent has physically or emotionally abused the child, the court may require that visitation be supervised or prohibited until such abuse has ceased or until there is no reasonable likelihood that such abuse will recur.

We think, however, that Mr. Spiegel is incorrect in asserting that an order of supervised visitation requires a specific finding of abuse or neglect. The statute might require such a finding in order to deny or terminate visitation altogether, but the provision with respect to supervised visitation is permissive and does not say that the court shall not order supervised visitation absent a finding of physical or emotional abuse. This is an area that addresses itself to the sound discretion of the trial court, *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. App. 1993), and we do not think the legislature intended to remove that discretion by restricting the power to order supervised visitation to cases involving physical or emotional abuse by the non-custodial parent.

We are aware of the rule of construction that says where a statute mentions one subject, other subjects, not mentioned, are excluded. See *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991). A strict application of that rule would require

a holding that supervised visitation could be ordered only in cases of physical or emotional abuse. We do not think that is what the legislature intended. *Southern v. Beeler*, 195 S.W.2d 857, 183 Tenn. 272 (1946).

Since this is a matter of discretion, we do not think the chancellor abused his discretion by ordering supervised visitation. Therefore, we affirm his custody and visitation order.

We note that the one year limitation on supervised visitation has now expired and the question of visitation must be, once again, decided. We stress for the benefit of the parties that the question is open for a determination on the basis of the child's best interest.

## III.

### Attorney's Fees

Mr. Spiegel asserts that the chancellor erred in making him pay a part of Mrs. Spiegel's legal expenses. Since attorneys' fees are considered a form of alimony, *Gilliam v. Gilliam*, 776 S.W.2d 81 (Tenn. App. 1988), need and the ability of the obligor spouse to pay are considered the prime statutory factors in reviewing an award.

The parties had very few assets at the time of the divorce. They had a house in Maryland which Mr. Spiegel received in the division of the marital property. According to his testimony the mortgage on the house exceeded its value, but at the time of the decree, the house was rented and the rent almost covered the mortgage payments. Mr. Spiegel's income was approximately $3,800 per month; Mrs. Spiegel earned approximately $1,350 per month.

The award of attorneys fees in divorce cases is largely in the discretion of the trial judge and will not be disturbed on appeal absent a showing of abuse of that discretion. *Threadgill v. Threadgill*, 740 S.W.2d 419 (Tenn. App. 1987). We do not think the trial judge abused his discretion in this case.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Rutherford County for further proceedings. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| VICKIE ELAINE SPIEGEL, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Appeal No. |
| | ) | 01-A-01-9607-CH-00294 |
| | ) | |
| VS. | ) | Rutherford Chancery |
| | ) | No. 93DR-989 |
| | ) | |
| JEREMY PERCY JULIAN SPIEGEL, | ) | Affirmed |
| | ) | and |
| Defendant/Appellant. | ) | Remanded |

## **J U D G M E N T**

This cause came on to be heard upon the record on appeal from the Chancery Court of Rutherford County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree of the Chancellor be affirmed. The cause is remanded to the Chancery Court of Rutherford County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Jeremy Percy Julian Spiegel, for which execution may issue if necessary.

ENTER _____.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE