COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

PATRICK ALAN WOLFE,           ) C/A NO. 03A01-9801-CV-00003
                              )
        Plaintiff-Appellee,   )
                              )
                              )
                              ) APPEAL AS OF RIGHT FROM THE
v.                            ) MONROE COUNTY CIRCUIT COURT
                              )
                              )
                              )
TERRI LEE WOLFE,              )
                              ) HONORABLE EARLE G. MURPHY,
        Defendant-Appellant.) JUDGE


For Appellant                 For Appellee

D. MITCHELL BRYANT            J. REED DIXON
Cleveland, Tennessee          Sweetwater, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                          Susano, J.

In this post-divorce case, the trial court denied the petition of Terri Lee Wooten, formerly Wolfe ("Mother"), seeking sole custody of the parties' daughter, Kelsea Wolfe, age five and a half. In the same order, the court granted the counterclaim of Patrick Alan Wolfe ("Father") by modifying Mother's visitation rights. Mother appealed, arguing that the trial court abused its discretion in failing to change the child's custody. She also claims that the court erred in modifying the visitation schedule set forth in the divorce judgment.

The parties were divorced by judgment entered May 15, 1995. That judgment awarded Father the sole custody of the parties' daughter. It also provided that Mother was "awarded visitation with the minor child on her two days off each week (a four day-two day rotation)." The judgment also granted Mother visitation at other times, *i.e.*, at Christmas, during the summer, and on certain holidays. At the hearing on the parties' competing applications for modification of the divorce judgment, the trial court changed Mother's regular visitation times from "her two days off each week" to visitation on alternate weekends from Friday at 6 p.m. to Sunday at 6 p.m. The other visitation in the divorce judgment was not changed. The court refused to change its previous award of custody.

On the two issues raised by Mother, we must decide if the evidence preponderates against the trial court's most recent order. Rule 13(d), T.R.A.P.

The trial court concluded "that there [had] not been a sufficient change of circumstances that would justify a change of custody in this case."  The evidence does not preponderate against this finding.  While the circumstances of the parties have changed,[1] they have not been "altered...in a material way so that the welfare of the child requires a change of custody." *Griffin v. Stone*, 834 S.W.2d 300, 302 (Tenn.App. 1992).  As we said in *Musselman v. Acuff*, 826 S.W.2d 920 (Tenn.App. 1991), the "trial judge must find a material change in circumstances that is compelling enough to warrant the *dramatic* remedy of changed custody." *Id*. at 922.  (Emphasis added).  While Mother challenged some of Father's parenting skills and decisions, her testimony was sharply contested by Father.  This conflict brought into play the issue of the parties' credibility -- an issue which is primarily for the trial court. *See Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn.App. 1974).  If the trial court believed Father on these conflicting matters -- and its decision not to change custody is certainly compatible with a finding in favor of Father's credibility -- it could have reasonably concluded that Father's parenting had not adversely affected the child.

Mother's petition to change custody addressed itself to the sound -- and wide -- discretion of the trial court. *Brumit v. Brumit*, 948 S.W.2d 739, 740 (Tenn.App. 1997).  Since we find

---

[1]Mother has remarried.  She and her new husband have a daughter, age five months.  Her husband's two sons live with them.  Mother has changed jobs since the divorce.  She testified that she intended to quit work as soon as she had paid a large doctor bill incurred in connection with the birth of her youngest child.  While Father's employment has not changed since the divorce, he has remarried.  His wife's daughters, ages eight and twelve, live with them in his house, a different residence from the trailer in which he was living at the time of the divorce.

3

no abuse of that discretion, we will not tamper with the trial court's order. *Id*. Mother's first issue is found adverse to her.

When the trial court entered the divorce judgment, Mother worked four days and then was off two days. Obviously, this work schedule was not compatible with the trial court's standard every-other-weekend visitation arrangement. To accommodate Mother's work schedule, the trial court, at the time of the divorce, awarded her visitation on the two days she was off from work. At the time of the recent hearing below, Mother was working a normal Monday-through-Friday schedule with weekends off. Therefore, the evidence does not preponderate against the trial court's determination that the circumstances -- particularly Mother's work schedule -- had changed so as to necessitate a modification of the visitation arrangement set forth in the divorce judgment. Mother's intention to quit work at some time in the future was just that -- an *intention* to do something in the future. The trial court was correct in setting visitation based on Mother's *current* work schedule.

Visitation is also an issue that addresses itself to a trial court's wide discretion. *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988). We find no abuse of that discretion in this case.

Father seeks damages for a frivolous appeal. *See* T.C.A. § 27-1-122. While we have resolved Mother's issues against her, we do not find that her appeal is frivolous.

4

The judgment of the trial court is in all respects affirmed. Costs on appeal are taxed against the appellant and her surety. This case is remanded to the trial court for enforcement of the judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.

5