# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 14, 2002 Session

## ALICA DELANE RAKESTRAW v. GREGORY KEITH RAKESTRAW

**Appeal from the Circuit Court for Bradley County**
**No. V-00-1003     Jerri S. Bryant, Chancellor**

**FILED MARCH 18, 2003**

**No. E2002-01151-COA-R3-CV**

---

The sole issue in this divorce case is whether the Trial Court reached the correct decision regarding custody of the parties' child. The Court granted primary custodial care of the parties' daughter, Kendra Paige Rakestraw, then 10 years old, to Gregory Keith Rakestraw ("Father"). Alica Delane Rakestraw ("Mother") argues on appeal that the evidence preponderates against the Court's exercise of discretion in rendering its custody decision, and that the Court erred in denying her motion to alter or amend the judgment and her motion for a new trial. We affirm the judgment of the Trial Court in all respects.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Ashley L. Ownby, Cleveland, for the Appellant, Alica Delane Rakestraw

James F. Logan, Jr., Cleveland, for the Appellee, Gregory Keith Rakestraw

### MEMORANDUM OPINION

Mother filed for divorce on November 13, 2000. A hearing was conducted on August 9, 2001, for the sole purpose of determining custodial and visitation arrangements for Kendra. Prior to the parties' separation and divorce, they had lived in Georgetown, in Bradley County. At the hearing the Mother testified that she had moved to Chattanooga in order to be closer to her place of employment, and that she intended to enroll Kendra in a private school in Chattanooga.

After hearing proof from both parties, the Trial Court held that primary custodial care and responsibility should be with the Father. The Court granted the Mother visitation on every other

weekend from Friday evening until Monday morning, and also on every Tuesday evening. The Trial Court found as follows in relevant part:

> I will say that most all factors are substantially equal with both parents. I'm supposed to be judging the comparative fitness of these parties. There is no one that I have found to be unfit. I believe either by stipulation and by testimony of the parties that this child has love and affection and emotional ties to both parents and both parents to this child.
>
> The disposition of the parents to provide the child with food, clothing, medical care, education, that seems to be on a substantially equal factor for both parties. The wife has been the primary caregiver for part of the child's life, assisted by the husband. The husband has taken on a greater degree even from the temporary hearing forward. I think he has the disposition to be a primary caregiver as well.
>
>          *          *          *
>
> I think the character and behavior of both parties is exemplary. . .You both seem willing to facilitate and encourage a close relationship with the other parent and both seem willing to take the best interest of the child at heart.
>
> All of that being substantially equal, I'm disturbed that this could not have been worked out. I wish that you-all would choose a place to live where you were closer together so that you could have substantially equal co-parenting time because I think you're both pretty good parents, but choosing to live in Chattanooga makes that distance harder to deal with logistically so I think the final factor that I have to come down to is number three, the importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment. It's interesting when you try to define the word satisfactory environment.
>
> I find that it's in the best interest of the child at this time to remain near her family and friends and enter the school here that is accredited. I think the father seems to be closer to the larger family unit which has had a significant influence on this child's life and [has] been a significant part of this child's life. I believe the community and school in the Black Fox area are more conducive to the advancement and nurturing of this child.

On appeal, Mother raises the following issue, as taken from her brief: "whether the Trial Court erred in granting custody to the Father where the preponderance of the evidence shows that the continuity in the child's life would be better served by awarding custody to the Mother."

In the recent case of *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn.2001), the Supreme Court made the following pertinent statements:

> The Court of Appeals correctly held that the standard for appellate review of a trial court's child visitation order is controlled by our decision in *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn.1988). There, we noted that " 'the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge.'" *Id*. at 429 (quoting *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn.Ct.App.1973)). Accordingly, we held that a "trial court's decision [on visitation] will not ordinarily be reversed absent some abuse of that discretion." *Id.*
>
> In reviewing the trial court's visitation order for an abuse of discretion, the child's welfare is given "paramount consideration," *id*. (quoting *Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn.1983)), and "the right of the noncustodial parent to reasonable visitation is clearly favored." *Id.* Nevertheless, the noncustodial parent's visitation "may be limited, or eliminated, if there is definite evidence that to permit ... the right would jeopardize the child, in either a physical or moral sense." *Id.* (quoting *Weaver v. Weaver*, 37 Tenn.App. 195, 261 S.W.2d 145, 148 (1953)).
>
> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn.2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn.2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn.1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998).

*Eldridge*, 42 S.W.3d at 85.

We have reviewed the record with the above standard in mind and find that the Trial Court properly considered the appropriate statutory factors found at T.C.A. 36-6-106, and that the evidence does not preponderate against its ruling. The record demonstrates that the Court was faced with the fortunate, yet difficult, prospect of deciding which of two competent and loving parents would be the primary custodial parent. We, who cannot substitute our judgment for that of the Trial Court, find no error in the Court's decision that the Father should serve in that role. It is apparent that the Court's primary consideration was the best interest of Kendra.

The Mother also raises the question of whether the Trial Court erred in denying her motions to alter or amend its judgment and for a new trial. The alleged grounds for these motions are as follows: "the natural Mother has returned to Bradley County and from information and belief the Father has been intentionally keeping the minor child away from the Mother." Through these motions the Mother requested the Court "to give more equal parenting time to the Mother and require the minor child to spend the majority of time with the natural mother, due to the fact she was the primary caretaker of the child from birth." We find and hold that the disposition of these motions is a matter which falls within the sound discretion of the Trial Court, and that it did not abuse its discretion in denying them. We further find that this is an appropriate case for affirmance under Rule 10 of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Appellant, Alica Delane Rakestraw, and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE