IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2019 Session

## IN RE CAROLINE U.[1]

**Appeal from the Juvenile Court for Knox County**
**No. J-0493    Timothy E. Irwin, Judge**

_____

## No. E2018-01951-COA-R3-JV

_____

This is a modification of residential schedule case.  The father requested an increase in parenting time based on a material change in circumstances.  The court ruled that the father failed to demonstrate a material change in circumstances.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Mario L. Azevedo, II and Timothy K. Jones, Knoxville, Tennessee, for the appellant, Reid Michael T.

Ben H. Houston, II, Knoxville, Tennessee, for the appellee, Madison Anne U.

## OPINION

## I. BACKGROUND

The parties in this case, Reid Michael T. ("Father") and Madison Anne U. ("Mother"), were never married.  In January, 2017, their child, Caroline June U. ("the Child"), was born.  Following the Child's birth, the parties engaged in litigation that ultimately culminated in the entry of a permanent parenting plan ("the PPP") order on November 13, 2017, that awarded Mother 251 days and Father 114 days.  Father thereafter moved to reconsider and/or alter the judgment pursuant to Rule 59 of the

_____

[1]In cases involving a minor child, it is this court's policy to redact names in order to protect the child's identity.

Tennessee Rules of Civil Procedure. On April 19, 2018, the trial court entered the final PPP order adjudicating all pending claims at that time other than child support and awarded Father an additional two weeks of co-parenting time ("the April order"). As a result, Father's total number of days with the Child increased to 128 days while Mother's total number of days decreased to 237. On June 20, 2018, the parties entered into an agreed order setting child support based upon the number of days outlined in the April order. On the same day, however, Father sought to modify the PPP. Mother responded with a motion to dismiss Father's petition.

At a hearing held on September 27, 2018, Father argued that changes in his work schedule and college major along with his decision to stop teaching jujitsu classes constituted a material change in circumstances. In his pleadings, Father noted that he had been "working a fluctuating schedule that was often unpredictable" but that he had "modified his schedule such that he only works Friday through Monday nights when the child is asleep such that he can maximize his co-parenting time." Counsel for Father asserted during the hearing that "at the time of the entry of the original parenting plan in October of 2017," Father "had five, at one time, separate jobs and he was full-time at Pellissippi State on campus." Father, however, failed to present any proof specifying what his previous work schedule was or exactly when the work schedule changed. With regard to his college major, Father noted that he had changed from engineering to political science. He observed in his pleadings that his new major has more classes online and requires only about 3 hours a week in a classroom. However, Father did not provide specifics about his current school schedule as compared to the prior one, and there was no evidence presented as to when he changed his major. As to the jujitsu classes, counsel indicated that Father had stopped being an instructor, but Father did not discuss when he stopped teaching the classes. At the hearing, Father testified that the Child "never knows that I've left the house. Sleeps through the whole night." He noted that his mother keeps the Child any time he is away working or at school.

In her pleadings, Mother revealed that she had graduated from Pellissippi State and secured full-time employment. During her testimony at the hearing, she discussed the fact that Father's mother, rather than Father, usually meets her at exchanges of the Child. She noted that on the rare occasions Father appeared, he would not discuss the Child with her, whereas Father's mother would frequently engage in such conversations with Mother for five or ten minutes.

Despite Father's assertions that he has attempted to have greater participation in the Child's life, there was little to no evidence presented regarding how the alleged changes in Father's circumstances have impacted the Child. Counsel for Father did not identify any concerns or problems with the Child's care.

The trial court determined that Father had failed to prove by a preponderance of the evidence that there had been a material change in circumstances affecting the Child's

best interest. The court observed that the hours of Father's jobs were still mostly the same, that he was still working mostly nights, and that he was still attending school. The court recognized that Father had stopped teaching jujitsu classes but found this fact was not significant enough to support a finding that there had been a material change in circumstances. The trial court dismissed Father's petition to modify the permanent parenting plan on October 18, 2018. Father filed a timely notice of appeal.

## II. ISSUES

The issues before this court are restated as follows:

1. Whether the trial court correctly determined that Father failed to present facts establishing that a material change in circumstances had been proven by a preponderance of the evidence since the entry of the most recent PPP order.

2. Whether this court should award Mother her attorney's fees on appeal pursuant to Tennessee Code Annotated section 36-5-103(c).

## III. STANDARD OF REVIEW

"A trial court's determinations of whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions." *Armbrister v. Armbrister*, 414 S.W.3d 684, 692 (Tenn. 2013). We review a trial court's findings of fact *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d). We will not overturn such findings unless the evidence preponderates against them. *Id*. "Determining the details of parenting plans is 'peculiarly within the broad discretion of the trial judge.'" *Armbrister*, 414 S.W.3d at 693 (citing *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1998)). "An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). A trial court abuses its discretion in establishing a residential parenting schedule "only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standard to the evidence found in the record." *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001).

## IV. DISCUSSION

To modify an existing parenting plan, the trial court must first determine whether a material change in circumstances has occurred. *Armbrister,* 414 S.W.3d at 697-98 (citing Tenn. Code Ann. § 36-6-101(a)(2)(C)). "The petitioner . . . must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interests, and the change must have occurred **after** entry of the order sought to be modified." *Gentile v. Gentile*, No. M2014-01356-COA-R3-CV, 2015 WL 8482047, at \*5 (Tenn. Ct. App. Dec. 9, 2015) (citing *Caldwell v. Hill*, 250 S.W.3d 865, 870 (Tenn. Ct. App. 2007) (emphasis added)). "[A] material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child." Tenn. Code Ann. § 36-6-101(a)(2)(C). If a material change in circumstances is found, the court must then determine whether a modification of the parenting plan is in the child's best interest in consideration of the factors set forth in Tennessee Code Annotated section 36-6-106(a). *Armbrister*, 414 S.W.3d at 697-98. "Not every change in the circumstances of either a child or parent will qualify as a material change in circumstances. The change must be significant before it will be considered material." *Null v. Cummins*, No. M2017-00191-COA-R3-CV, 2018 WL 3954321, at \*5 (Tenn. Ct. App. Aug. 17, 2017).

The original PPP was entered on November 13, 2017. It was superseded by the PPP entered on April 19, 2018. However, the April order did not become final until the agreed order setting support based on the amended number of days set forth in it was entered on June 20, 2018. *See In re Gabrielle R.*, No. W2015-00388-COA-R3-CV, 2016 WL 1084220 at \*3 (Tenn. Ct. App. Mar. 17, 2016) (holding that where the trial court had not yet revisited the child support amount following the modification of a permanent parenting plan, the order modifying the plan was not a final order because it had not adjudicated all issues); *see also Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at \*7 (Tenn. Ct. App. Nov. 15, 2017). Father filed his petition to modify the PPP on June 20, 2018, which was the same day the PPP he seeks to modify became a final order.

In our view, there could not have been a material change in circumstances at the time that Father filed his petition to modify because the PPP order had only become a final order that very same day. *See In re Gabrielle R.*, 2017 WL 1084220 at \*3. The facts used to establish a material change in circumstances sufficient to modify a residential parenting schedule must occur after the entry of the plan to be modified. *See Gentile*, 2015 WL 8482047, at \*5 (holding that petitioners seeking to modify a residential parenting schedule "must prove by a preponderance of the evidence a material change of

- 4 -

circumstance affecting the child's best interests, and the change must have occurred **after** entry of the order sought to be modified") (emphasis added). *See Caldwell*, 250 S.W.3d at 870. In this case, it is clear that no material change could have occurred between the time that the order became final and the time that Father filed his petition seeking modification.

Even assuming *arguendo* that the relevant time frame for determining whether a material change of circumstances had occurred began running from the April order, there is insufficient evidence in the record to support Father's claim that such a change occurred. Upon our review of the record, we find that there is no evidence that a change in Father's work schedule had occurred because he failed to put forth any specific proof as to what his work schedule was at the time that the PPP was originally entered on November 13, 2017. To the extent that the record arguably establishes that some change in the work schedule occurred, the evidence entered at the hearing failed to establish that the change in his work schedule was significant or that the changes in the work schedule significantly impacted his parenting. As to the change in major, there is no evidence in the record as to when Father made the change. Without the information that would permit us to compare Father's prior school schedule with his current school schedule, it is impossible to determine whether the alleged change was significant. Further, no proof was shown as to when Father stopped teaching jujitsu classes. In any event, Father's decision to stop teaching such classes is clearly insufficient to establish a material change in circumstances under section 36-1-101(a)(2)(C), as "[n]ot every change in the circumstances of . . . a parent will qualify as a material change in circumstances. The change must be 'significant' before it will be considered material." *Boyer v. Heimermann*, 238 S.W. 3d 249, 257 (Tenn. Ct. App. 2007). Without evidence in the record, it is impossible for us to know when the alleged changes occurred. It was Father's burden to produce evidence sufficient to establish that a material change in circumstances had occurred -- we cannot engage in speculation, conjecture, or surmise to make such a determination. *See Porter v. Green*, 745 S.W.2d 874, 877 (Tenn. Ct. App. 1987) ("[i]t is a well-known rule of evidence a judgment cannot be based on conjecture, speculation, or surmise.").[2]

Upon the record before us, Father failed to establish by a preponderance of the evidence that a material change in circumstance had occurred. As the trial court observed, Father was still working multiple jobs, was still working nights, and was still attending school. There has been no change in relationship status for Father, nor has there been any relocation or career change. His mother is still keeping the Child during his work hours and while Father is attending school. There is no proof that the parties have failed to abide by the previous PPP. No evidence before us relates to how Father's

---

[2]At the conclusion of Father's direct examination, the trial court inquired of Father's counsel: "Is there anything else you want to ask him?" Father's counsel responded: "I don't think so; he's sufficiently addressed the court."

alleged change in circumstances has impacted the Child. The facts simply fail to set forth a material change of circumstances under Tennessee Code Annotated section 36-6-101(a)(2)(C). Accordingly, the trial court's order dismissing the petition for modification must be affirmed.

### B.

Father asserts that the trial court applied an incorrect legal standard. However, a careful review of the court's statements from the bench reveals that the court utilized the appropriate standard as set forth by Tennessee Code Annotated section 36-6-101(a)(2)(C). The trial court recognized that significant changes to a parent's work and/or school schedule such as graduating, going from a night shift to a day shift position, or starting a new career might constitute a material change in circumstances. These statements reveal that the trial court was applying the correct legal standard pursuant to Tennessee Code Annotated section 36-6-101(a)(2)(C). The court correctly concluded, however, that Father's alleged changes in his work or school schedule were not significant and, therefore, did not meet the burden set forth by section 36-6-101(a)(2)(C). In particular, the court noted that "[t]he hours of his jobs are still the same. I mean, he still works mostly night. Yeah, he doesn't teach karate any more. Maybe he's got a hair more time. He changed his major, but his major—he's still going to school." Given the lack of evidence presented by Father, any error in the application of the legal standard would have been harmless, as an error would not have changed the outcome. *See* Tenn. R. App. P. 36(b).

### C.

Pursuant to Tennessee Code Annotated section 36-5-103(c), this court has the discretion to award attorney's fees on appeal in cases seeking the modification of a permanent parenting plan. When determining whether an award of attorney's fees is appropriate pursuant to section 36-5-103(c), courts should consider "among other factors, the ability of the requesting party to pay his or her own attorney's fees, the requesting party's success on appeal, and whether the requesting party has been acting in good faith." *See Shofner v. Shofner*, 181 S.W.3d 703, 719 (Tenn. Ct. App. 2004). Awarding fees incurred on appeal is a matter of discretion. *See Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008).

In the instant case, all of the relevant factors weigh in favor of an award of attorney's fees. Mother has meager wage earnings, does not have much ability to pay her own attorney's fees, is likely to succeed on this appeal, and has been acting in good faith throughout these proceedings. We find that Mother should not be required to bear the financial burden of Father's actions and award her reasonable attorney's fees on appeal

pursuant to the Tennessee Code Annotated section 36-5-103(c).

## V. CONCLUSION

The judgment of the trial court dismissing Father's petition to modify the permanent parenting plan is affirmed. Mother is awarded her reasonable attorney's fees for this appeal pursuant to Tennessee Code Annotated section 36-5-103(c). This case is remanded to the trial court to set Mother's attorney's fees and for such further proceedings as may be necessary. Costs of the appeal are taxed to Appellant, Reid Michael T.

_____
JOHN W. MCCLARTY, JUDGE