IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2025

**JAMES ANDREW FISHER v. HAILEY ANN DAVIS**

**Appeal from the Chancery Court for Cumberland County**
**No. 2023-CH-2386      Ronald Thurman, Chancellor**

_____

**No. E2024-01055-COA-R3-CV**

_____

A mother appeals from the trial court's decision regarding custody of her two minor children. However, because the mother filed a motion to recuse the trial court judge on which he failed to rule before entering a final order on the merits of the case, the judgment of the trial court must be vacated and remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Melanie Lane Dimond, Jamestown, Tennessee, for the appellant, Hailey Ann Davis.

Jonathan R. Hamby, Crossville, Tennessee, for the appellee, James Andrew Fisher.

**MEMORANDUM OPINION[1]**

**BACKGROUND**

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Hailey Davis ("Mother") and James Fisher ("Father") share two minor children (the "Children") born in 2019 and 2022, respectively. Father filed a petition to establish parentage and a parenting plan on May 24, 2023. He concomitantly filed a proposed parenting plan allocating the parents equal parenting time and designating them joint primary residential parents. On October 16, 2023, the trial court entered an order setting a temporary visitation schedule for Father and setting his child support obligation at $100 per week. The order also provides that the parties agree Father is the Children's legal father. The parties participated in mediation, but it was unsuccessful, and the trial court set the case for a final hearing.

Although the record does not contain a transcript, it is undisputed that the final hearing occurred on May 15, 2024. The record also suggests that the trial court rendered an oral ruling at the end of the hearing; however, no such ruling is incorporated into the final order nor is any portion of any transcript attached to said order. On June 17, 2024, before the trial court entered its final written order, Mother filed a motion to recuse the trial court judge. Mother filed this motion pro se despite being represented by counsel at the time.[2] The allegations in Mother's motion appear to stem from the trial court's oral ruling purportedly given at the end of the trial. Among other things, Mother alleges that the trial court showed favor to Father's counsel, unfairly excluded witnesses and other evidence Mother attempted to offer, and stated that Mother seemed to need anger management.

The trial court entered its final order on June 21, 2024.[3] It does not mention or address Mother's motion to recuse the trial court judge. Rather, the order provides, *inter alia*, that Father has an established bond with the Children; that the trial court is concerned with Mother's anger issues; and that both parties have been responsible for parenting duties. The trial court also entered a permanent parenting plan naming Father the primary residential parent and allocating 182.5 parenting days to each parent. Mother filed a timely appeal to this Court. Father filed a statement of the evidence on October 1, 2024.

**ISSUES**

Mother raises the following issues on appeal:

I.      Whether the trial court erred in crafting the residential parenting schedule.

II.     Whether the trial court erred in naming Father primary residential parent.

---

[2] An order of withdrawal relieving Mother's counsel was entered on July 1, 2024.

[3] It is unclear from the record whether the trial court knew about Mother's motion to recuse, inasmuch as she filed the motion only a few days before the trial court entered its final order.

DISCUSSION

This case stems from a custody dispute. Our Supreme Court has explained "the *limited* scope of review to be employed by an appellate court in reviewing a trial court's factual determinations in matters involving child custody and parenting plan developments." *C.W.H. v. L.A.S.*, 538 S.W.3d 488, 495 (Tenn. 2017) (citing *Armbrister v. Armbrister*, 414 S.W.3d 685, 692–93 (Tenn. 2013)). The trial court's factual findings are reviewed "de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise." *Id.* We "presume that a trial court's factual findings on these matters are correct and [will] not overturn them, unless the evidence preponderates against the trial court's findings." *Id.* Further,

> trial courts enjoy broad discretion in formulating parenting plans. [*Armbrister*, 414 S.W.3d] at 693 (citing *Massey-Holt v. Holt*, 255 S.W.3d 603, 607 (Tenn. Ct. App. 2007)). "Thus, determining the details of parenting plans is 'peculiarly within the broad discretion of the trial judge.'" *Id.* (quoting *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988)). Appellate courts should not overturn a trial court's decision merely because reasonable minds could reach a different conclusion. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Id.*

Mother's issues on appeal deal with the trial court's ruling on the parties' custody arrangement. We conclude, however, that there is a threshold procedural issue which must be dealt with first; specifically, whether the trial court erred by failing to adjudicate Mother's motion to recuse the trial court judge.

Recusals are controlled by Tennessee Supreme Court Rule 10B, which provides in part:

> 1.01. Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. . . .

> 1.02. While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.

1.03. Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion. . . .

Tenn. S. Ct. R. 10B.  The requirements of Rule 10B are mandatory for both litigants and judges.  *Matter of Conservatorship of Tapp*, No. W2021-00718-COA-R3-CV, 2023 WL 1957540, at *11 (Tenn. Ct. App. Feb. 13, 2023) (quoting *In re Adison P.*, No. W2015-00393-COA-T10B-CV, 2015 WL 1869456, at *8 (Tenn. Ct. App. Apr. 21, 2015) (Gibson, J., dissenting)).  Section 1.02 exists "to ensure that a trial court makes no *substantive* decisions while the motion to recuse is pending."  *Id.* at *8 (quoting *Austermiller v. Austermiller*, No. M2022-01611-COA-T10B-CV, 2022 WL 17409921, at *7 (Tenn. Ct. App. Dec. 5, 2022)).  Accordingly, "Rule 10B precludes a trial judge from taking further action in a case when a motion for recusal is pending against him or her."  *Id.* (quoting *Rich v. Rich*, No. M2018-00485-COA-T10B-CV, 2018 WL 1989619, at *12 n.3 (Tenn. Ct. App. Apr. 27, 2018)); *see also State v. Coleman*, No. M2017-00264-CCA-R3-CD, 2018 WL 1684365, at *9 (Tenn. Crim. App. Apr. 6, 2018) ("When a trial court ignores a pending motion to recuse and enters further orders in a case without making a finding of good cause as dictated by Rule 10B section 1.02, the orders entered during the pendency of the motion to recuse may be vacated on appeal.").

We have reached differing results when a trial court fails to rule on a 10B motion before taking additional action in the case.  For example, this Court has vacated a trial court's final order and remanded the case where, as here, the trial court failed to adjudicate a pending motion for recusal at all.  *See Tapp*, 2023 WL 1957540, at *11 ("Given that the trial judge failed to enter any order mentioning the recusal motion and proceeded to rule on several substantive matters instead, we vacate the five orders entered by the trial court[.]").  This result may be warranted even if a motion for recusal appears noncompliant with Rule 10B.  *See Ophelia Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *7 (Tenn. Ct. App. May 28, 2015) (vacating order entered while recusal motion was pending, notwithstanding petitioner's failure to adhere to the mandates of Rule 10B).  On the other hand, in *In re Conservatorship of Tate*, we found that a trial court did not commit reversible error when it heard a motion to recuse and the dispositive motion in the matter on the same day; the trial court then orally ruled on both but entered its written order on the dispositive motion prior to entering its order on the 10B motion.  No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. Sept. 17, 2012).  We explained that although "[t]he better practice would have been to enter the order denying the motion for recusal before entering the order on the [dispositive motion,]" the trial court did not violate Rule 10B "[u]nder these specific circumstances[.]"  *Id.*  As such, the resolution of cases such as this one depends upon the procedural posture of the specific case.

It is, therefore, helpful to consider a case procedurally analogous to the one at bar. In *Rogers v. Sallee*, the trial court held a hearing on the defendant's motion to set aside a default judgment that had been entered against her. No. E2013-02067-COA-R3-CV, 2015 WL 636740, at *2 (Tenn. Ct. App. Feb. 13, 2015). The trial court ruled orally at the end of the hearing and denied the motion. *Id.* Before the trial court could enter its written order, however, the defendant filed a motion to recuse the trial court judge. *Id.* The trial court did not expressly rule on the motion to recuse but instead entered an order dismissing all pending motions in the case. *Id.* Thereafter, the trial court entered an order providing that "[a] final order having been entered in this case, the [c]ourt enters this order of recusal following the request of the defendant." *Id.*

On appeal to this Court, we agreed with the defendant that the trial court should not have entered its final order while the motion to recuse was pending, notwithstanding the fact that the trial court had already orally ruled on the dispositive issue. *Id.* at *3. We noted that a trial court speaks through its written orders and that "the trial court should have acted promptly by written order in granting the recusal before entering any further orders and taking further action in the case." *Id.* at *5. This was true even though the trial court eventually recused itself.

While the resulting delay is unfortunate, we reach the same conclusion as the *Rogers* court and must vacate the trial court's final order in this case. Here, nothing in the record suggests that the trial court ever addressed Mother's motion for recusal. The record contains no order regarding the motion, nor is there any mention of recusal in the final order. While the trial court may have orally ruled on the motion at some point, the record does not contain any transcripts; in any event, a trial court speaks through its written orders. *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015). Per Rule 10B's plain language, the trial court should have acted promptly, by written order, in ruling on the recusal before taking further action in the case.

Consequently, the trial court's final order on Father's petition for a parenting plan, as well as the permanent parenting plan itself, must be vacated. On remand, the trial court shall comply with Rule 10B sections 1.02 and 1.03 prior to taking any further action in this case.[4]

---

[4] Remand in this particular case also affords the trial court the opportunity to ensure that its final order contains a sufficient discussion of the best interest factors found at Tennessee Code Annotated § 36-6-106. *See Aragon v. Aragon*, No. M2013-01962-COA-R3-CV, 2014 WL 1607350, at *9 (Tenn. Ct. App. Apr. 21, 2014) (explaining the importance of a detailed best interest analysis in child custody matters). While we need not reach the trial court's substantive ruling given our decision, we remind the trial court that best interest "is the 'paramount consideration,' the 'pole star, the alpha and omega,' of any child custody determination[,]" *Id.* (quoting *Bah v. Bah*, 668 S.W.2d 663, 665 (Tenn. Ct. App. 1983)), and that our ability to meaningfully review custody cases depends in large part upon a thorough, fact-intensive final ruling.

## CONCLUSION

The judgment of the Chancery Court for Cumberland County is vacated, and this case is remanded for additional proceedings consistent with this opinion. Costs on appeal are assessed to the appellant, Hailey Ann Davis, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE