IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session

## SANDRA JANE LaGUARDIA v. MICHAEL J. LaGUARDIA

**Appeal from the Chancery Court for Washington County**
**No. 7727     G. Richard Johnson, Judge**

_____

**No. E2004-00822-COA-R3-CV - FILED JULY 6, 2005**

_____


CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.


        I concur in all aspects of the majority opinion except (1) the majority's treatment of the trial court's decree pertaining to Wife's right, for a period of time, to the exclusive possession and occupancy of the former marital residence; and (2) the majority's handling of the issue of whether the assets of Husband's law practice are marital assets.

        I do not believe the trial court abused its discretion when it decreed that Wife, as the primary residential parent, has the option, post-divorce judgment, of remaining with her two minor, autistic children in the former marital residence until the point in time when they are no longer considered minors.  This is not to say that, had I been the trial court, I would have allowed Wife to remain in the house.  I do not know whether I would have or not.  However, it is clear beyond any doubt that what I would have done is not the criteria by which the trial court's decision is to be judged.  *See* **Eldridge v. Eldridge**, 42 S.W.3d 82, 85 (Tenn. 2001) ("The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.").

        In decreeing as it did, the trial court made a decision which is, at the same time, both a decision bearing on the care of minor children and a judgment pertaining to marital property.  Both of these matters deal with issues that address themselves to the sound discretion of the trial court.  *See* **Suttles v. Suttles,** 748 S.W.2d 427, 429 (Tenn. 1988); **Batson v. Batson**, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).  On appeal, such decisions must be affirmed unless the evidence reflects that the trial court abused its discretion.  **Suttles**, 748 S.W.2d at 429; **Batson**, 769 S.W.2d at 859.

        The trial court applied a "[]correct legal standard," *see* **Clinard v. Blackwood**, 46 S.W.3d 177, 182 (Tenn. 2001), when it permitted Wife to remain in the residence, even though she owns less than 100% of the interest in this property.  Tenn. Code Ann. § 36-4-121(d) (Supp. 2004) has long provided as follows:

The court may award the family home and household effects, or the right to live therein and use the household effects for a reasonable period, to either party, *but shall give special consideration to a spouse having physical custody of a child or children of the marriage.*

(Emphasis added). Thus, the legislature has provided that the public policy of this state recognizes that circumstances in a divorce case may be such as to persuade a trial court, in the exercise of its discretionary function, to leave a custodian, *i.e.*, a primary residential parent, in possession of a residence, even though he or she owns less than 100% of the fee simple title. I believe, however, that continued possession is not without limitation. Generally speaking, it should not extend beyond the time when the children are no longer legally entitled to child support. *See, e.g.*, Tenn. Code Ann. § 34-1-102(b)(2001).[1]

In practice, it is not uncommon for a divorce court, under Tenn. Code Ann. § 36-4-121(d), to permit a primary residential parent, whose children do *not* have any serious physical or mental disabilities, to remain in the former marital residence for a substantial period of time post-judgment. Here, the children are autistic and the trial court found that the children need "sameness and consistency." There is *some* support in the record for this latter finding. I recognize that neither of the experts "testified that it was in the best interest of the children to either move from or stay in the marital residence." I also recognize that continued joint ownership of the residence for a long period of time may lead to problems. But having said all of this, I still believe reasonable minds could differ as to whether Wife should be permitted to stay in the residence for an extended period of time, as found by the trial court, or the property should be sold in two years, as directed by the majority opinion. This being the case, I do not find a proper legal or factual predicate for holding that the trial court abused its discretion.

The trial court "hinted" that it might be willing to continue Wife's occupancy beyond the children's minority as defined in Tenn. Code Ann. § 34-1-102(b). I would delete the reference in the trial court's opinion alluding to Wife's right to file a petition to stay in the residence beyond the children's minority. I would do so because I do not believe, in the case at bar, that it would be "reasonable," *see* Tenn. Code Ann. § 36-4-121(d), to deprive Husband of his equity in the house beyond that point. I believe the trial court abused its discretion in adding the language pertaining to the filing of a petition. In my opinion, the "default" position should be that Wife's exclusive right

---

[1]Tenn. Code Ann. § 34-1-102(b) provides as follows:

Parents shall continue to be responsible for the support of each child for whom they are responsible after the child reaches eighteen (18) years of age if the child is in high school. The duty of support shall continue until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age graduates, whichever occurs first.

to possession ends when Husband no longer has an obligation to support his children under Tenn. Code Ann. § 34-1-102(b).[2]

With respect to the issue of Husband's law practice, I believe the assets of that practice, save his law license, are marital assets because Husband started the practice of law after the date of the parties' marriage. *See* Tenn. Code Ann. § 36-4-121(b)(1)(A).[3] Therefore, I would classify the assets of the law practice as marital property. Furthermore, there is no harm in doing so. Wife does not contend that she should share in those assets and, in any event, I do not believe that Husband's retention of them renders the division of the marital estate inequitable.

Accordingly, I concur in part and, respectfully, dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2] I recognize that a court can extend a parent's support obligation beyond minority in the event a child under a child support order is severely disabled at the time support would otherwise terminate. *See* Tenn. Code Ann. § 36-5-101(p) (Supp. 2004); *see also* **In re Conservatorship of Jones**, No. M2004-00173-COA-R3-CV, 2004 WL 2973752, at *13 (Tenn. Ct. App. M.S., filed December 22, 2004). However, in the case at bar, the children's disabilities are not so severe as to believe that it would be reasonable to extend the deprivation of Husband's right to enjoy his share of the equity in the house beyond the children's minority.

[3] Tenn. Code Ann. § 36-4-121(b)(1)(A) provides, in pertinent part, as follows:

> "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage . . . .