IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 15, 2007

## CATHERINE EVONNE FLOWERS v. JEROME BERNARD FLOWERS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003622-04     Jerry Stokes, Judge**

---

**No. W2006-02053-COA-R3-CV - Filed November 6, 2007**

---

The trial court determined the Husband to be the primary residential parent of the parties' minor child and awarded Wife rehabilitative alimony in the amount of $250 per month for eighteen months. Wife takes issue with these decisions and presents this appeal in which we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

James S. Strickland, Jr., Memphis, Tennessee, for the appellant, Catherine Evonne Flowers.

Nick Rice, Memphis, Tennessee, for the appellee, Jerome Bernard Flowers.

**MEMORANDUM OPINION**[1]

Catherine Evonne Flowers (Wife) filed a complaint for divorce seeking to end her marriage to Jerome Bernard Flowers (Husband) which began on November 24, 1990. One child was born to the marriage in January 1993. The complaint alleges irreconcilable differences and inappropriate marital conduct on the part of Husband. Wife sought an equitable distribution of the parties real and personal property and relief from their joint debts and obligations "pursuant to a marital dissolution

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

agreement which shall be submitted to this court for approval."[2] The complaint further alleges that the parties separated several months prior to filing the complaint and each party was living in their separate residences. She prayed that she be granted an absolute divorce and that she have such other and further relief as she may be entitled.

Husband ultimately answered the complaint some two years later after it was filed. He admits that irreconcilable differences have arisen and exist between the parties but denies being guilty of inappropriate marital conduct. Wife's complaint further alleges that "the parties' children[3] live and have lived in Shelby County, Tennessee, for the last six months, specifically in Memphis, Tennessee, with the Mother and Defendant/Counter-Plaintiff in this action." In response to this allegation, Husband responded that the minor child has lived intermittently with both parents, but has spent the greater part of the time with Father. He prayed that he be granted the divorce on the grounds of irreconcilable differences.

This matter was tried to the court on June 27, 2006, whereupon Wife was awarded a divorce pursuant to T.C.A. 36-4-129 (b).[4] The trial court divided the marital property with each party receiving their respective residences as well as their respective interest in their employment accounts. The trial court deemed Husband to be the primary residential parent for the parties' minor child with Wife to have parenting time every other weekend from 6 p.m. on Friday to 6 p.m. on the following Monday. She shall have further parenting time for six weeks in the summer and alternate holidays each year. Both parties are to make joint education and medical decisions concerning the child. Husband to maintain medical insurance on the child and both parties are to maintain a $50,000 life insurance policy with the child named as beneficiary. Mr. Flowers was ordered to pay to Ms. Flowers rehabilitative alimony in the amount of $250 per month for 18 months beginning 30 days from the entry of the final decree and each party was to be responsible for their own attorney's fees.

Wife filed a timely notice for appeal and presents two issues as set forth in her brief as follows:

I.      Did the trial court properly designate Husband as the primary residential parent and divide parenting time between the parties?

II.     Did the trial court award enough alimony to wife?

---

[2] There is no indication in the record that a marital dissolution agreement was presented to the trial court.

[3] The pleadings in the record before us identify only one child.

[4] Section 36-4-129 provides:

The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

Tenn. Code Ann. § 36-4-129(b)(2005).

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S .W.2d 177, 181 (Tenn. 1995). We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Thus, we may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). However, if the trial court fails to make findings of fact, our review is *de novo* with no presumption of correctness. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995). We review a trial court's determinations on matters of witness credibility with great deference and will not re-evaluate a trial judge's credibility determinations unless they are contradicted by clear and convincing evidence. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

Tennessee Code Annotated § 36-6-106(a) sets forth a list of non-exclusive statutory factors to be considered in making a custody determination regarding minor children. Wife argues that the only two statutory factors in dispute in the present case are the degree to which a parent has been the primary care giver and the importance of continuity in the child's life. The record before us consists of a statement of the evidence indicating that Wife testified that prior to August, 2005, she had the son 70 % of the time and Wife's sister also testified that the child spent most of the time with Wife prior to the most recent school year. They both testified that Husband would pick up the son at school before Wife could pick him up and would unilaterally restrict Wife's time with her son. Husband testified that the child had been with him 80% of the time in the last three years. In support of this testimony, Husband produced a calendar he had been keeping since the separation which showed by bright yellow highlighter the days the son spent with him. As heretofore noted, this Court will defer to the trial court on issues of credibility as the trial court has the opportunity to observe the witnesses and assess their demeanor. *Weaver v. Nelms*, 750 S.W.2d 158, 160 (Tenn. Ct. App. 1987). Although not specifically presented as an issue, Wife argues that the trial court erred in allowing the calendar to be admitted into evidence because Husband's initial response was "N/A" to a motion to produce documents wherein Wife had sought copies of all diaries or calendars kept by him. She objected to the introduction of the calendar because it was not produced until less than 24 hours before trial. We cannot determine from the record how much stock the trial court placed on the calendar in reaching its determination that Husband should be the primary residential parent. It was within the discretion of the trial court whether to admit this into evidence. The trial court further has the discretion to grant the other side a continuance. *See Strickland v. Strickland*, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981). There is no indication in this record that Wife sought a continuance.

As a general rule, details of custody and visitation are within the broad discretion of the trial judge and will not ordinarily be reversed absent some abuse of that discretion. *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988). A trial court's discretion will be upheld so long as reasonable minds can agree as to the propriety of that decision. A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning. The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); and *Myint v. Allstate Ins. Co.*, 970

S.W.2d 920, 927 (Tenn. 1998).  We find no error in the trial court's award to Husband of primary residential custody of the child.

Wife next contends that the trial court's award of alimony was insufficient.  In addressing this issue, we note initially that while wife prayed in her complaint for general relief, she did not specifically seek an award of alimony.  However, it appears from the record that this issue was tried by consent.  *See* Rule 15.02 Tenn. R. Civ. P.  Wife contends that she was entitled to both alimony *in futuro* and *in solido*.  The record reveals that Husband is employed as a deputy with the Shelby County Sheriff's Department with a net monthly pay of $3,329.85 per month.  Wife asks this Court to reverse the award made by the trial court and to remand the case to the trial court for a "proper determination of alimony."  Wife is employed as a global invoicing agent at Federal Express and her net monthly income is $3,215.80.  Each party's expense and income statements were made exhibits at trial.  Husband showed a negative monthly figure of $204.15 and Wife a negative $941.58.  In determining an award of alimony, the courts must look to the need of the recipient and the ability of the obligor to pay.  As indicated, Wife definitely has a need but Husband likewise has a negative income figure.  The trial court did not make specific findings of fact.  Therefore we have conducted a *de novo* review of the record and, based upon that review, we do not find that the trial court committed error in the nature and amount of alimony awarded to Wife.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to the Appellant, Catherine Evonne Flowers and her surety.

_____
DAVID R. FARMER, JUDGE

-4-