IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 13, 2009 Session

# RICHARD STEVEN LARUE v. LAURA MICHELLE LARUE

**Direct Appeal from the Chancery Court for Union County**
No. 5416    Hon. Billy Joe White, Chancellor

---

**No. E2008-01492-COA-R3-CV  - FILED JULY 7, 2009**

---

In this divorce action the Trial Court awarded primary custody of the children to the mother, refused to allow overnight visitation with the father until the children were one year old, and ordered standard visitation with the father.  The father appealed, insisting that the Trial Court erred in applying the "tender years doctrine" and also erred in awarding standard visitation of the children. On appeal, we affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., concurred, and D. MICHAEL SWINEY, J., concurred and filed a separate Opinion.

Felisha B. White, Tennessee, for appellant, Richard Steven LaRue.

David H. Stanifer and Lindsey C. Cadle, Tazewell, Tennessee, for appellee, Laura Michelle LaRue.

## OPINION

The mother filed her Complaint for Divorce in November 2007 against the father, and stated the parties were married in 2003, and had two children.  Their twin sons were only three months old when the divorce action was filed.

The trial of the case was held on April 10, 2008, and following the evidentiary hearing, the Trial Court filed a Memorandum Opinion finding that both parties were of good moral character, and that the father's parents were of good moral character as well.  The Court found the

children were eight months old, and were of "very tender years". The Court stated that the father could start getting overnight visitation when the children were one year of age, and would then have "regular" visitation of alternate weekends, half the holidays/vacations, and two weeks in the summer.

The mother was granted a divorce and the father was ordered to pay child support. A Parenting Plan and Final Decree of Divorce were entered that incorporated the Court's Order.

The father filed a Notice of Appeal and then asked the Trial Court to set aside the Order that was entered, asserting that it did not accurately reflect the Court's Memorandum Opinion. The Court then entered an Order setting aside the prior Parenting Plan, and entering a new Parenting Plan that was attached to its Order.

The issues raised on appeal are:

1.      Did the Trial Court err in relying on the outdated "tender years doctrine" in determining the father's co-parenting time with the children?

2.      Did the Trial Court err in arbitrarily awarding the father standard visitation rather than considering the factors in Tenn. Code Ann. §36-6-101 and 36-6-404?

As the Supreme Court has stated:

. . . the standard for appellate review of a trial court's child visitation order is controlled by our decision in *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988). There, we noted that " 'the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge.' " *Id*. at 429 (*quoting Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn. Ct. App. 1973)). Accordingly, we held that a "trial court's decision [on visitation] will not ordinarily be reversed absent some abuse of that discretion." *Id.*

In reviewing the trial court's visitation order for an abuse of discretion, the child's welfare is given "paramount consideration," *id*. (*quoting Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn. 1983)), and "the right of the noncustodial parent to reasonable visitation is clearly favored." *Id*. Nevertheless, the noncustodial parent's visitation "may be limited, or eliminated, if there is definite evidence that to permit ... the right would jeopardize the child, in either a physical or moral sense." *Id.* (*quoting Weaver v. Weaver*, 37 Tenn. App. 195, 261 S.W.2d 145, 148 (1953)).

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect

legal standard, or reach[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). The Court went on to explain:

> It is not the function of appellate courts to tweak a visitation order in the hopes of achieving a more reasonable result than the trial court. Appellate courts correct errors. When no error in the trial court's ruling is evident from the record, the trial court's ruling must stand. This maxim has special significance in cases reviewed under the abuse of discretion standard. The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order, even in matters involving visitation, to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution. *See State v. Franklin*, 714 S.W.2d 252, 258 (Tenn. 1986) ("appellate court should not redetermine in retrospect and on a cold record how the case could have been better tried"); *cf. State v. Pappas*, 754 S.W.2d 620, 625 (Tenn. Crim. App. 1987) (affirming trial court's ruling under abuse of discretion standard while noting that action contrary to action taken by the trial court was the better practice); *Bradford v. Bradford*, 51 Tenn. App. 101, 364 S.W.2d 509, 512-13 (1962) (same). An abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record. *See, e.g., State ex. rel Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).

*Id.* at 88.

The father argues the Trial Court impermissibly relied on the outdated tender years doctrine in devising its visitation schedule, because it found that the children were too young to visit overnight with the father, until they reached one year of age. While the Trial Court did mention that the children were of "tender years", the record reveals this is not the only factor that the Court relied upon in making its decision. The Trial Court made findings about the character of the parents and grandparents, and about the father's visitation with the children, and heard a great deal of evidence regarding the parties' time spent caring for the children and their parenting abilities/shortfalls. For example, the evidence established the father seemed somewhat less than interested in spending his co-parenting time with his older daughter, that he had limited experience caring for the twins, and that his work schedule would have him on call during the week a great deal of the time.

To rule in favor of the father, we would be required to find the Trial Court abused its discretion, which is not evident from this record. An abuse of discretion can be found "only when

the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id.*

The father also argues that the Trial Court arbitrarily awarded him standard visitation rather than considering the factors in Tenn. Code Ann. §36-6-101 and 36-6-404. The Trial Court did not specifically enumerate and discuss each of these factors in its Memorandum Opinion, but did hear evidence from the parties regarding these factors, and obviously considered them in rendering its decision. These are all proper factors to consider pursuant to Tenn. Code Ann. §36-6-101 and 36-6-404.

Considering the evidence on the other relevant factors in the statutes, it is clear the mother and father were both bonded to the children, and that both could provide for the children's needs. The mother had essentially been the primary caregiver before separation (as father described his attention to the children during that time as "helping" her) and she certainly was the primary caregiver thereafter, since the father's visits with the children had been few. Essentially, the mother had a greater "past and potential for future performance of parenting responsibilities", given her daily care for the twins and her older children, whereas the father's interactions with the twins were greatly limited due to the visitation schedule, and since his interactions with his older daughter were also shown to be limited by him, in that he often left her in the care of his parents when he was supposed to be spending co-parenting time with her. The mother also was favored, because the children would still be living in the same home environment, thus providing continuity, and also because the father's work schedule required him to be on call during the week for half the year. Thus, considering the evidence on the statutory factors, the Trial Court's determination did not "appl[y] an incorrect legal standard, or reach a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Id.* The Trial Court's decision cannot be said to be an abuse of discretion and we find the issues raised on appeal to be without merit.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Richard Steven LaRue.

_____
HERSCHEL PICKENS FRANKS, P.J.