# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 20, 2013 Session

## MARTHA ELAINE WEAVER CARTER v. DAVID RAY CARTER

### Appeal from the Circuit Court for Davidson County
### No. 05D849    Amanda Jane McClendon, Judge

### No. M2013-00193-COA-R3-CV - Filed October 7, 2013

Mother appeals the trial court's decision on her petition to modify parenting time. While we find no error in the trial court's ruling on parenting time, we have concluded that the trial court erred in disqualifying mother's attorney from representing her in future proceedings and in ordering mother to produce bank records.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Tyree B. Harris, IV and Katherine A. Brown, Nashville, Tennessee, for the appellant, Martha Elaine Weaver Carter.

James H. Drescher, Brentwood, Tennessee, for the appellee, David Ray Carter.

## OPINION

Martha Elaine Weaver Carter ("Mother") and David Ray Carter ("Father") were divorced in October 2006. One child was born of the marriage. Mother was named the primary residential parent, and Father was awarded 85 days[1] of parenting time per year. Father had regular parenting time every other weekend and every Tuesday evening.

Mother filed a petition to modify child support in July 2009. Mother filed a notice of appeal from the trial court's rulings regarding the modification of child support on February

---

[1]Pursuant to an agreed order entered in February 2012, Father's parenting time was modified to 82 days.

9, 2012.[2]  Just prior to the notice of appeal being filed, on February 1, 2012, Mother filed a motion to modify parenting time.  Mother alleged that there had been a material change in circumstances and that the present parenting schedule "inappropriately interferes with the school, extracurricular and social activities in which the minor child of the parties engages and/or wishes to engage at the present time."

On February 10, 2012, Father filed a motion to disqualify counsel asking the court to disqualify Tyree Harris, Mother's attorney and husband, from representing Mother "in any matter related to the modification of the parties' permanent parenting plan."  On March 19, 2012, the trial court entered an order on Father's motion to disqualify counsel, ruling that "Mr. Harris shall be disqualified from representing [Mother] in any pending or new matters in this case."

Mother's petition to modify parenting time was heard on August 2, 2012, and the court heard testimony from Mother, Father, and their daughter, Elaina, who was almost sixteen years old at the time of the hearing.  On September 12, 2012, the trial court entered an order finding that there had been a material change in circumstances and that modification of the parenting plan was "necessitated by the child growing older, being involved in many more activities and her desire to be involved in more social and school related activities." The court eliminated Father's Tuesday night parenting time and changed the summer parenting time to two weeks (instead of four weeks).  The court also addressed specific problems identified by the parties.  For example, the court ordered that Elaina be allowed to do laundry when at Father's house.  Father was ordered to "be more flexible with the child's schedule."

Mother filed a motion to alter or amend the decree, and the trial court denied the motion.  This appeal followed.

On appeal, Mother argues that: the trial court erred in denying the 16-year-old child the right to determine when and under what circumstances she would have parenting time with Father; the trial court erred in disqualifying Mr. Harris in the proceedings below and as to any prospective filing; the trial court erred in failing to award Mother her attorney fees; and the trial court's order concerning the production of banking records has been rendered moot by the decision in the first appeal.

---

[2]Issues regarding the trial court's rulings on the modification of child support were decided by this court in a previous appeal.  *Carter v. Carter*, No. M2012-00342-COA-R3-CV, 2012 WL 6743816 (Tenn. Ct. App. Dec. 28, 2012).

ANALYSIS

1.

We find no merit in Mother's argument regarding the trial court's decision on the modification of parenting time.

Determinations regarding custody and visitation "often hinge on subtle factors, including the parents' demeanor and credibility during the divorce proceedings themselves." *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996). We "give great weight to the trial court's assessment of the evidence because the trial court is in a much better position to evaluate the credibility of the witnesses." *Boyer v. Heimermann*, 238 S.W.3d 249, 255 (Tenn. Ct. App. 2007). Moreover, trial courts necessarily have broad discretion to make decisions regarding parenting arrangements to suit the unique circumstances of each case. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Chaffin v. Ellis*, 211 S.W.3d 264, 286 (Tenn. Ct. App. 2006). Therefore, "'a trial court's decision [on visitation] will not ordinarily be reversed absent some abuse of that discretion.'" *Eldridge*, 42 S.W.3d at 85 (quoting *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn.1988)). An abuse of discretion occurs "only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id.* at 88.

The relevant statute with respect to a change of parenting time (and not a change in primary residential parent) is Tenn. Code Ann. § 36-6-101(a)(2)(C), which states:

> If the issue before the court is a modification of the court's prior decree pertaining to a residential parenting schedule, then the petitioner must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

This statute "sets a very low threshold for establishing a material change of circumstances. Indeed, merely showing that the existing arrangement has proven unworkable for the parties is sufficient to satisfy the material change of circumstance test." *Rose v. Lashlee*, No.

M2005-00361-COA-R3-CV, 2006 WL 2390980, at *2 n.3 (Tenn. Ct. App. Aug. 18, 2006).

In this case, the trial court found a material change of circumstances warranting modification of the parenting schedule; that finding is not at issue on appeal. The next part of the analysis is whether a modification of the parenting schedule is in the best interest of the child. *Boyer*, 238 S.W.3d at 259. While she agrees with the trial court's determination that Elaina's best interests required modification of the parenting schedule, Mother asserts that the trial court erred "in failing to give the minor child the right to determine when and under what circumstances she will spend parenting time with her father." We cannot agree.

Tennessee Code Annotated section 36-6-404(b)(14) allows a court, in making a determination regarding a permanent parenting plan, to consider the "reasonable preference" of a child who is twelve years of age or older. The child's preference is one of many factors to be considered by the court. *See* Tenn. Code Ann. § 36-6-404(b). This Court is aware of no authority for permitting a child to have the discretion to decide when and whether to spend time with a parent.

The two cases cited by Mother are not on point. Mother relies on the case of *Boyer v. Heimermann*, 238 S.W.3d at 255, as being factually similar. The issue in that case, however, was whether there was a material change of circumstances. *Boyer*, 238 S.W.3d at 252. After determining that the changing needs of the children as they grew older constituted a material change of circumstances, the court remanded for a determination as to whether modifying father's parenting time would be in the children's best interests. *Id.* at 259. As previously stated, the issue in the present case is whether the trial court erred by not further modifying the parenting schedule.

In the second case cited by Mother, *Hargrove v. Hargrove*, No. W2007-00538-COA-R3-CV, 2007 WL 4181476, at *2 (Tenn. Ct. App. Nov. 28, 2007), the trial court's order gave the sixteen-year-old child discretion regarding seeing the mother. This provision was not, however, at issue on appeal. On appeal, the mother argued that the trial court erred in modifying the parenting plan because it did not follow the statutory procedure. *Hargrove*, 2007 WL 4181476, at *2. The court rejected this argument, finding that the mother had waived any objection. *Id.* at *5. In a footnote, the court specifically noted that the mother had not challenged the trial court's finding that the change in visitation was in the best interest of the child. *Id.* at *5 n.6. We consider *Hargrove* to be distinguishable because it did not address the merits of the parenting plan itself.

A minor child cannot determine when he or she will see a parent. Elaina had a right to be heard by the court, and she was heard by the court. We affirm the trial court's ruling with respect to modification of the parenting schedule.

-4-

2.

Mother's next argument is that the trial court erred in disqualifying Mr. Harris from representing her in the proceedings below. A trial court's decision to disqualify an attorney is reviewed under an abuse of discretion standard. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001). For the reasons discussed below, we find no abuse of discretion here.

In its order disqualifying Mr. Harris from representing Mother in the proceedings below, the trial court cited Rule 3.7 of the Tennessee Rules of Professional Conduct, which provides that, with certain limited exceptions, "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Tenn. Sup. Ct. R. 8, RPC 3.7. The trial court noted that opposing counsel had represented to the court that he would "certainly" be calling Mr. Harris as a fact witness. The court concluded that, "given the circumstances of this case and the contentious history between the parties this Court believes Mr. Harris is likely to be a necessary witness," and that Mr. Harris "has personal knowledge to which only he likely may know or be able to testify with regard to parenting time."

On appeal, Mother emphasizes that Mr. Harris was not actually deposed or called as a witness. This fact, however, does not make the trial court's disqualification improper because the inquiry is whether he was likely to be a necessary witness. At oral argument, when asked how his disqualification disadvantaged his client, Mr. Harris himself stated: "I was much more familiar with the underlying facts and circumstances . . . of what was going on at her father's house and I could have asked [Elaina] about all of those things and, in particular, I could have tailored that question to the case of *Boyer v. Heimermann*."

Under the facts of this case, we find no abuse of discretion in the trial court's decision to disqualify Mr. Harris from representing Mother in the proceedings below.

3.

The trial court did not limit its disqualification to the current proceedings, but also disqualified Mr. Harris from representing Mother in any "new matters in this case." In this regard, we find that the trial court erred. The determination regarding disqualification of an attorney is to be made based upon the specific matters being litigated. Future post-divorce litigation in this case could concern matters about which Mr. Harris has no personal knowledge. We find no basis for prospectively disqualifying Mr. Harris in all future proceedings in this case; such a determination should be made at such time as another post-judgment dispute arises.

4.

In its decision regarding Mother's petition for modification of parenting time, the trial court ordered that each party be responsible for his or her own attorney fees. Mother argues that this was error. We disagree.

As Mother emphasizes, Tenn. Code Ann. § 36-5-103(c) authorizes a court to award attorney fees in certain post-divorce litigation regarding custody or child support. A trial court's decision as to whether to award attorney fees rests within the court's sound discretion, and we will not overturn the trial court's decision absent an abuse of discretion. *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987).

Mother asserts that she was entitled to attorney fees because she was the prevailing party. As reflected in this appeal, however, Mother did not get all of the relief she requested. The trial court acted within its discretion in deciding that each party should bear his or her own attorney fees.

5.

The final issue has to do with the portion of the trial court's order requiring Mother to produce bank records regarding funds held by her on behalf of the minor child. Mother argues that this requirement has been rendered moot by this Court's opinion in the prior appeal that the trial court erred in ordering Mother to set up a trust account. While we do not consider the issue moot, we have concluded that the trial court erred in including this order in its decree because the hearing was on Mother's petition to modify parenting time and funds held for the benefit of the child had no relevance to that petition.

At the hearing on Mother's petition to modify parenting time, counsel for Father questioned Mother about money given to Elaina. Counsel for Mother objected on grounds of relevance, but the trial court decided to allow the testimony "just so we don't have another Petition filed, which we probably will anyway." After a series of questions regarding these funds, Mother stated that she was willing to give Father copies of the bank statements. Over an objection by Mother's attorney, the court stated that it would order Mother to produce the bank records:

> I'm trying to avoid more litigation. Going to provide that from when I ordered it forward, and that's to avoid litigation, as well as on the UBS funds at the time of the divorce that were being held, from that point forward. And if someone wants to appeal me because this exceeds the pleadings, then let them do so.

Although we are not without sympathy for the trial court's desire to avoid more litigation between these parties, we must conclude that the bank records had no relevance to the matter before the trial court, namely a petition to modify parenting time. Moreover, in light of Mother's counsel's continuing objections, we cannot say that the issue was tried by consent of the parties. Therefore, the trial court erred in ordering Mother to produce the bank records.

CONCLUSION

For the reasons discussed, we affirm in part and reverse in part the trial court's decision. Costs of the appeal are taxed equally between the two parties, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE