IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2013 Session

## REBECCA WEBB v. MARK THOMAS WEBB

**Appeal from the Chancery Court for Bedford County**
**No. 26910     J. B. Cox, Judge**

**No. M2012-02438-COA-R3-CV - Filed December 17, 2013**

Father appeals the trial court's amended judgment in this divorce action.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and FRANK G. CLEMENT, J., joined.

Mark Thomas Webb, Wartrace, Tennessee, Pro Se.

Randall W. Morrison, Tullahoma, Tennessee, for the appellee, Rebecca Webb.

**MEMORANDUM OPINION[1]**

FACTUAL AND PROCEDURAL BACKGROUND

The protracted, acrimonious proceedings underlying this case date back to 2007. Rebecca Webb ("Mother") and Mark Webb ("Father") were declared divorced by order

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.  Tenn. R. Ct. App. 10.

1

entered July 9, 2010. As to the designation of the minor child's primary residential parent, the July 9, 2010 order stated, in part, that Mother "shall be awarded primary residential parent . . . contingent upon the psychiatric evaluation of the Mother . . . ." Father appealed and this Court dismissed the appeal without prejudice for lack of a final judgment.[2] Father then filed a petition for writ of certiorari in the United States Supreme Court. It was denied.[3]

On September 17, 2012, the trial court held a hearing to, among other things, set a permanent parenting plan and clarify the child's summer visitation schedule. The resulting order, entered October 12, 2012, designated Mother as the "decision maker" for the child's "medical matters, educational matters, religious upbringing and extracurricular activities."[4]

Father, pro se, filed a notice of appeal from the October 12 order on November 5, 2012. However, on November 13, 2012, Father, through counsel, moved the court to alter or amend its October 12, 2012 judgment to clarify the oral rulings made during the September 17, 2012 hearing and to include the court's ruling that Mother shall "reasonably consult" Father as to decisions about the minor child's healthcare, education, religious upbringing, and extracurricular activities. Father's counsel also moved to withdraw.

On February 11, 2013, this Court cited Father's pending motion to alter or amend and ordered him to obtain a final order from the trial court within sixty days. The trial court heard Father's motion to alter or amend and, by order entered June 7, 2013,[5] amended its October 12, 2012 judgment to, *inter alia*:

Grant Father parenting time every other weekend during the school year;

Grant both parties alternating summer weeks, two uninterrupted weeks per summer (with thirty days notice to each other), and alternating holidays with the child;

Designate Mother as decision maker about the child's healthcare, education, religious upbringing, and extracurricular activities, and order Mother to

---

[2] *See Webb v. Webb*, No. M2010-01714-COA-R3-CV, 2012 WL 274191 (Tenn. Ct. App. Jan. 30, 2012).

[3] *See Webb. v. Webb*, 133 S.Ct. 848 (2013).

[4] *See* Tenn. Code Ann. § 36-6-404(a)(5).

[5] The trial court specified that "[t]o the extent that this order conflicts with previous orders of the Court in this matter, the provisions of this order shall control."

reasonably consult with Father beforehand about such decisions;

Specify that, except for brief out-of-state weekend trips and the uninterrupted two-week summer vacation, Father shall not exercise out-of-state visitation with the child prior to giving Mother thirty days notice and obtaining her approval, which she shall not unreasonably withhold; and

Relieve Father's trial counsel from further representation.

By separate order entered the same day, the trial court designated Mother as primary residential parent, approved her psychological evaluation, and found that she "no longer suffers from a depressive mental disorder and she can effectively parent the parties' minor child" and that it is in the child's best interest for Mother to be his primary residential parent.

Father appeals.

ISSUES

On appeal, Father seems to assign error to the trial court's designation of Mother as decision maker for the minor child and the trial court's findings based on Dr. Harry Steuber's psychological evaluation of Mother. The rest of his assertions do not pertain to the order appealed from. In granting Father's motion to alter or amend, the trial court explicitly replaced its previous orders, including the one entered following the September 2012 hearing. Furthermore, Father's trial counsel drafted the final June 7, 2013 amended judgment.

Mother asks us to consider whether Father's pleadings should be heard due to violation of Tenn. R. Ct. App. 9; whether the trial court abused its discretion in approving the psychological evaluation; and whether Mother is entitled to her reasonable attorney fees on appeal.

STANDARD OF REVIEW

Because "'the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge,'" we review such issues for an abuse of discretion. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (*quoting Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1998)). An abuse of discretion occurs "only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id.* at 88.

3

We begin by addressing Mother's threshold issue. Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires the appellant to include in the brief an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . ." As Mother argues, Father's briefs fall far short of meeting this basic requirement because they are replete with non-issues[6] and "broad, disrespectful allegations[[7]] that do not allow [this Court] to address any real issue in this case." Mother contends that Father's briefs should be stricken in accordance with Tenn. R. Ct. App. 9.[8] We are not unsympathetic to Mother's arguments, but we are also mindful that pro se litigants such as Father "are entitled to fair and equal treatment," *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000), and we seek to resolve this case on its merits. *See* Tenn. R. App. P. 1; *Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn. 1996).

Father argues that Mother should not have sole decision-making authority regarding their son's education, religion, medical treatment, and extracurricular activities. Undoubtedly, the child's best interests will be served if these decisions can be made without undue delay and stress and, in this case, ample evidence shows that the parties sharply disagree over these decisions, particularly whether the child should attend a Baptist or a nondenominational secondary school. "[W]here the parents are unable to agree on matters of great importance to the welfare of their minor children, the primary decision-making authority must be placed in one parent or the other." *Coley v. Coley*, No. M2007-00655-COA-R3-CV, 2008 WL 5206297, at *7 (Tenn. Ct. App. Dec. 12, 2008). Based on the record before us, we must conclude that joint decision-making, requiring the assent of both parents, is not in the child's best interest. Mother is the primary residential parent,[9] so she appropriately holds the authority to make major decisions for the child. We find no abuse

---

[6] *e.g.*, "WHO IS FINANCING THIS UNRELENTING ATTACK AGAINST APPELLANT BY APPELLEE?"

[7] Among other things, Father alleges that the trial judge is "consumed with paranoia" and that his rulings and orders are vindictive, frivolous, unconscionable, biased, discriminatory, and made in collusion with Mother's trial counsel.

[8] Rule 9 of the Court of Appeals of Tennessee provides that "[a]ny brief or written argument containing language showing disrespect or contempt for any court of Tennessee will be stricken from the files, and this Court will take such further action relative thereto as it may deem proper."

[9] Father does not challenge the designation of Mother as primary residential parent.

4

of discretion in the trial court's ruling that, after reasonable consultation with Father, Mother has the final decision-making authority for education, religion, medical treatment, and extracurricular activities.

In accordance with this Court's mandate following Father's first appeal, the trial court considered Dr. Steuber's evaluation of Mother before designating her primary residential parent. Father takes issue with the fact that a psychologist, not a psychiatrist (as specified in the trial court's July 9, 2010 order), performed Mother's mental evaluation, but fails to state what, if any, import this distinction has. In its final order appointing Mother primary residential parent, the court specified that at the time it ordered Mother's evaluation it "believed that Dr. Steuber was a psychiatrist, however, he was and is, in fact, a Ph.D. Licensed Clinical Psychologist." Based upon Dr. Steuber's report, the trial court found that "although Dr. Steuber is not a psychiatrist, he was well qualified by education and training to do the evaluation and protect the best interest of the minor child." Father offers no evidence, and we find none in the record, indicating that the trial court erred in considering the psychologist's report or abused its discretion in approving the report, finding Mother can effectively parent the child, and finding that her designation as primary residential parent serves the child's best interest.

CONCLUSION

We affirm the trial court's first amended judgment and order appointing Mother primary residential parent in their entirety. Applying our discretion, we respectfully decline Mother's request for attorney fees on appeal. Costs of appeal are assessed against the appellant, Mark Thomas Webb, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE