# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 18, 2016 Session

## STEPHANIE N. POTTS v. TONY CONATSER

**Appeal from the Juvenile Court for Montgomery County**
**No. 08JV537, 08JV538     Tim Barnes, Judge**

_____

**No. M2015-02351-COA-R3-JV – Filed January 26, 2017**

_____

Father appeals the modification of a parenting plan, which changed the designation of primary residential parent to Mother and decreased Father's parenting time. We vacate the judgment and remand the case for entry of factual findings in accordance with Tenn. R. Civ. P. 52.01.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated;**
**Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Adrienne Gilliam Fry, Clarksville, Tennessee, for the appellant, Tony Conatser.

James R. Potter, Clarksville, Tennessee, for the appellee, Stephanie Potts.

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Tony Conatser ("Father") and Stephanie Potts ("Mother") are the parents of twins who were born in 2002. On April 2, 2009, the court adopted a parenting plan which designated Father as primary residential parent, with each parent spending 182 ½ days of

_____

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

parenting time with the children. On August 16, 2013, Mother filed a petition to modify the plan, asserting that the plan was no longer workable for various reasons and requesting, *inter alia*, that her proposed parenting plan be adopted and that child support be modified. Father answered and filed a counter petition, asserting that there was a material change of circumstances sufficient to warrant a modification of the residential schedule; that Mother was willfully unemployed and in contempt of the order entered April 2, 2009; and requesting that his proposed plan be adopted.

Trial on the petitions was held on May 11, 2015; after hearing the proof and interviewing the children, the court made a ruling from the bench, to take effect in two days, in which it, *inter alia*, designated Mother as primary residential parent; set Mother's income at $8.75 per hour for a 40 hour week and Father's income at $41,460.40 per year according to his 2014 W-2 and an additional $900 per year from a fireworks stand he operated; adjusted Father's parenting time to six out of every fourteen days; and set a schedule for holiday visitation. On September 30, 2015, the court entered an order, entitled "Findings of Fact and Conclusions of Law," in which it made findings relative to the factors at Tennessee Code Annotated section 36-6-106(a) and adopted "[t]he Permanent Parenting Plan effective May 13, 2015."[2] The September 30 order was amended on December 1 in a document styled "Amended Findings of Fact and Conclusions of Law" to order that Father pay Mother $100.00 in attorney's fees.

Father appeals, contending that the court erred in changing the designation of primary residential parent and in reducing his parenting time.

## II. STANDARD OF REVIEW

In considering modifications to parenting plans, courts are to engage in a two-part analysis. The court must first determine whether a material change in circumstance has occurred since the previous order. *Burnett v. Burnett*, No. M2014-00833-COA-R3-CV, 2015 WL 5157489, at *6 (Tenn. Ct. App. Aug. 31, 2015) (citing Tenn. Code Ann. § 36-6-101(a)(2)(B); *Armbrister v. Armbrister*, 414 S.W.3d 685, 697-98 (Tenn. 2013)). If so, then the court proceeds to determine whether a modification is in the best interest of the children. *Id.* (citing *Armbrister*, 414 S.W.3d at 705)). In making the latter determination, the court is to utilize the factors at Tennessee Code Annotated section 36-6-106(a).

---

[2] There is no written parenting plan dated May 13, 2015 in the record; there is only the oral ruling made on May 11, which the court stated would take effect in two days. There was no parenting plan order accompanying the order entered September 30; there is a Permanent Parenting Plan Order signed by the court on August 19 and entered by the clerk on August 20, which appears in the record immediately prior to the September 30 order. It is apparent that the August 20 parenting plan order was intended to reflect the oral ruling and, in this opinion, we consider references to the "Permanent Parenting Plan effective May 13, 2015" to be to the Permanent Parenting Plan Order entered August 20.

2

Whether a material change of circumstance has occurred is a factual question. *Armbrister*, 414 S.W.3d at 692-93. We review the trial court's factual findings *de novo*, accompanied by a presumption of the correctness of those findings, unless the evidence preponderates otherwise. *Id.* at 692 (citing Tenn. R. App. P. 13(d); *In re C.K.G.*, 173 S.W.3d 714, 732 (Tenn. 2005); *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). Trial courts are granted broad discretion in decisions regarding parenting arrangements. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988); *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn. Ct. App. 1973)). We will not disturb a trial court's parenting arrangement absent an abuse of discretion, which occurs when a decision is based on an incorrect legal standard, is contrary to the preponderance of the evidence, reaches an illogical result, or causes an injustice. *Armbrister,* 414 S.W.3d at 693 (quoting *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011)).

## III. ANALYSIS

Rule 52.01 of the Tennessee Rules of Civil Procedure requires the trial court to make findings of fact:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment… If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. . . .

This court discussed the importance of findings under Rule 52.01 in *Gooding v. Gooding*:

> Because "discretionary decisions must take the applicable law and the relevant facts into account," *Lee Med., Inc.* [*v. Beecher*], 312 S.W.3d [515] at 524 ](Tenn. 2010)], our deference to a trial court's discretionary decision for which Rule 52.01 compliance is required may abate when the record does not reveal which legal principles and facts the trial court relied upon in making its decision. The effect of the trial judge failing to identify the reasoning underlying a discretionary decision was addressed in a recent decision by this court involving a challenge to a parenting plan:
>
> > [W]e cannot determine whether the trial court applied an incorrect legal standard or relied on reasoning that caused an injustice because we do not know what legal standard the court applied, or what reasoning it employed. *See Halliday v. Halliday*, No. M2011-01892-COA-R3-CV, 2012 WL 7170479, at *12 (Tenn. Ct. App. Dec. 6, 2012), perm. app. denied (Tenn. Apr. 11, 2013) (explaining

3

that "this Court cannot determine whether the trial court abused its discretion" in the absence of factual findings by the trial court); *see also In re Connor S.L.*, No. W20120-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) ("findings of fact are particularly important in cases involving the custody and parenting schedule of children," and without such findings "we are unable to afford appropriate deference to the trial court's decision"). "'Discretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting Martha S. Davis, *Standards of Review: Judicial Review of Discretionary Decisionmaking*, 2 J.App. Prac. & Process 47, 58 (2000)). Thus, an abuse of discretion will be found "when the trial court ... fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." *Id.*

When the trial court fails to explain the factual basis for its decisions, we may conduct a de novo review of the record to determine where the preponderance of the evidence lies or remand the case with instructions to make the requisite findings of fact and conclusions of law and enter judgment accordingly.

477 S.W.3d 774, 782–83 (Tenn. Ct. App. 2015) (quoting *In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *5 (Tenn. Ct. App. Mar. 23, 2015), no perm. app. filed) (internal footnote omitted).

In the order under review, the court made findings as respects the factors at Tennessee Code Annotated section 36-6-106(a). The trial court did not state any findings with respect to the determination that a material change in circumstance had occurred.

While the oral ruling at the May 11, 2015 hearing contains statements that relate to the decision to name Mother primary residential parent, those statements do not constitute findings under Rule 52.01; moreover, the transcript of the ruling was not incorporated into the final order and, consequently, the remarks do not inform this Court's review. *See Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977) ("No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court"). In the absence of such findings, we are left with no guidance as to the basis of the court's determination that a material change in circumstance had occurred and that the plan should be modified. We cannot give the trial court the deference our standard of review requires.

4

## IV. Conclusion

For the foregoing reasons, we vacate the order modifying the parenting schedule and changing the designation of primary residential parent; the case is remanded for the trial court to expeditiously make findings of fact in accordance with Rule 52.01 as to the determination that there is a material change in circumstance and the specific modifications at issue.

RICHARD H. DINKINS, JUDGE